United States District Court
District of Connecticut
FILED AT HARTFORD
12/17/04
Kevin F. Rowe, Clerk
By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:04CR 363(EBB) MRK |
| | : |
| v. | : VIOLATIONS: |
| | : 26 U.S.C. § 7206(1) (Materially False Tax Returns) |
| RONALD GERACI | : 31 U.S.C. § 5324(a)(1) (Structuring Currency) |
| | : 31 U.S.C. § 5317(c)(1) (Criminal Forfeiture) |

INFORMATION

The United States Attorney charges:

COUNT ONE

On or about February 4, 2002, in the District of Connecticut, the defendant, RONALD GERACI, the president and sole-shareholder of the Performance Wheel Company, a Subchapter S corporation with principal place of business located in South Windsor, Connecticut, did willfully cause to be made and subscribed a United States corporate income tax return, Form 1120S, for the calendar year 2001, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which corporate income tax return the defendant, RONALD GERACI, did not believe to be true and correct as to every material matter in that said return failed to include a substantial amount of income earned from the company's business activities during the 2001 year, to wit, approximately $675,025, whereas, as the defendant, RONALD GERACI, then and there well knew and believed, said amount represented the cash proceeds derived by the Performance Wheel Company from the sale of automotive parts to its customers that had been intentionally omitted from the company's books and records.

In violation of Title 26, United States Code, § 7206(1).

COUNT TWO

On or about April 15, 2002, in the District of Connecticut, the defendant, RONALD GERACI, did willfully make and subscribe to a United States individual income tax return, Form 1040, for the calendar year 2001, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return the defendant, RONALD GERACI, did not believe to be true and correct as to every material matter in that, as the defendant, RONALD GERACI, then and there well knew and believed, said return failed to include approximately $684,054 in income, which amount primarily represented the cash proceeds derived by the Performance Wheel Company from the sale of automotive parts to customers of the company.

In violation of Title 26, United States Code, § 7206(1).

COUNT THREE

On or about December 6, 2001, in the District of Connecticut, the defendant, RONALD GERACI, did knowingly and willfully and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, cause domestic financial institutions, that is, the Webster Bank and the Tolland Bank, to fail to file currency transaction reports as required by Title 31, United States Code, Section 5313, for currency transactions in excess of $10,000, to wit, by making cash deposits, each in the amount of $9,995, to accounts the defendant maintained at the Webster Bank and the Tolland Bank, respectively.

In violation of Title 31, United States Code, § 5324(a)(1).

FORFEITURE ALLEGATION

As a result of the offense set forth in Count Three of this Information, the defendant shall forfeit to the United States, pursuant to 31 U.S.C. § 5317(c)(1), the following property, real and personal, involved in the aforementioned offense: an interest in the amount of $150,000 in that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 70 South Pond Road in Glastonbury, Connecticut, more particularly described on attachment A to this Information.

If the above-described forfeitable property, as a result of any act or omission of the defendant –

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to a third person;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been commingled with other property, which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 31, United States Code, § 5317(c)(1)(B) and Title 21, United States Code, § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

In violation of Title 31, United States Code, § 5317(c)(1).

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JAMES I. GLASSER
CHIEF, CRIMINAL DIVISION

RONALD S. ARTER
SUPERVISORY ASSISTANT
UNITED STATES ATTORNEY

I Hereby certify that the foregoing is a true copy of the original document on file. Date: 4/2/07
KEVIN F. ROWE
Clerk
By: Deputy Clerk

ATTACHMENT A

Lot No. 13 of Southpond situated in the Town of Glastonbury, County of Hartford and State of Connecticut, being shown on a certain map or plan entitled:

> "Subdivision Plan Revision To Lots 12 Thru 16 Southpond Subdivision Prepared for Louis Wade Company Glastonbury, Conn. Megson & Heagle Civil Engineers & Land Surveyors Glastonbury, Conn. Date: 6-6-86 Scale: 1" - 40' Map No. 301-84-1Fev. 1-15-86 Cond. Of Approval",

which map or plan is on file in the town Clerk's Office in said town of Glastonbury to which reference may be had for a more particular description thereof.

Together with a certain utility easement in favor of Lot No. 13 as shown on the above referenced map.

The Grantee, by acceptance of this deed and by agreement with the Grantor, hereby expressly assumes and agrees to be bound by and to comply with all of the covenants, terms, provisions, obligations and conditions set forth in Declaration of Protective and Restrictive Covenants dated June 6, 1986 and recorded June 9, 1986 in Volume 320 at Page 1196 of the Glastonbury Land Records.

This conveyance is made subject to the following: currency property taxes due the Town of Glastonbury which the Grantee herein assumes and agrees to pay; zoning and regulations of the Town of Glastonbury; building set back lines; and easement and restrictions appearing of record.

Being the same premises conveyed to the Grantor herein by Warranty Deed from Louis Wade Company, Inc. dated May 16, 1988 and recorded May 17, 1988 in Volume 417 at Page 115 of the Glastonbury Land Records.