# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

7V

## JUDGMENT IN A CRIMINAL CASE

FILED
APR 14 11 48 AM '05
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**UNITED STATES OF AMERICA**

v.

**RONALD GERACI**
**166 Gibson Avenue**
**Narrangansett, RI 02882**
SSN: **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** DOB: **01/17/52**

CASE NO. 3:04CR00363 (PCD)

**Nora Dannehy** , AUSA
U.S. Attorney's Office
**James W. Bergenn, Esq.**
Defendant's Attorney

The defendant pled guilty to counts **1, 2, & 3**. Accordingly, the defendant is adjudged guilty of counts **1, 2, & 3,** which involve the following offenses:

Title & Section: **Title 26, U.S.C. Section 7206(1)** Counts: **1 & 2**
Nature of Offense: **Filing Materially False Individual and Corporate Income Tax Returns**
Title & Section: **Title 31, U.S.C. Section 5324(a)(1)** Count: **3**
Date Offense Concluded: **04/15/02**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Presentence Report correctly calculated the offense guidelines. Based largely on the absence, or inadequacy of consideration of the impact of incarceration of defendant on the two companies he heads, both of which and the employees thereof, are heavily dependent on his involvement SSG 5K2.0, but also considering defendant's charitable conduct toward individuals, his early and complete payment of taxes due, interest and penalties, his total rehabilitation from a drug habit, the duration of the pending of the investigation and prosecution of this case, cumulatively, a downward departure to level 12, with its sentencing range of 10-12 months is deemed to be in keeping with 18 USC §3553a. The guideline has been considered and the sentence is regarded as in furtherance of the sentencing factors of §3553a. Should there by any question raised as to the propriety of the sentence as a guideline sentence, the same sentence would be imposed as a non-guideline sentence compliant with §3553a.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **12 months and one (1) day for each Count. Sentence shall run concurrent with each other.** The court recommends to the Bureau of Prisons: **that defendant be incarcerated at Ft. Devens or a facility closest to home, consistent with his security level, for accessibility of family and employees of business.** The defendant shall voluntarily surrender to the U.S. Marshal for this district, or at such other time and place as designated by the Bureau of Prisons on **September 2, 2005 before 12:00 noon. Defendant is confined to his home until he surrenders to the Bureau of Prisons and shall be credited toward his confinement upon release to halfway house. During the period of house arrest the defendant shall be home at all times except for employment, religious obligations, medical attention, and community service. Defendant shall engage in no social activities with the exception of those exclusively family oriented.**

Upon release from custody, the defendant shall be on supervised release for a term of **1 year on Count 1, 1 year on Count 2, and 3 years on Count 3. Term of Supervised Release shall run concurrent with each other.** Special Conditions of Supervised Release include: **Defendant is sentenced to community confinement (Halfway House) for a period of 6 months; shall obtain and maintain full employment; shall have no involvement nor relationship with nor be in the presence of any person who uses, deals with, or distributes drugs, nor shall he be in the presence of any actual usage of, dealing in or distribution of drugs of any nature; shall be monitored for drug usage and undertake drug counseling if approved by USPO; shall provide financial reports and any tax returns to the U.S. Probation Office (USPO); shall not obtain any new credit with prior permission from USPO except that credit for companies need only be reported to USPO; shall perform community service for a period of 3 hours per week for 2 years for a total of 300 hours.**

**Defendant shall be fined $25,000.00 without interest, and is to be paid by September 2, 2005.**

**Defendant shall pay a money judgment forfeiture to the U.S. in the amount of $150,000.00, which judgment defendant has paid in full prior to this sentencing.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$300.00**, for counts **1, 2, & 3** which shall be due **immediately.**

**April 12, 2005**
Date of Imposition of Sentence

Peter C. Dorsey, United States District Judge
Date: **April 14, 2005**

***CERTIFIED AS A TRUE COPY***
***ON THIS DATE*** 4/2/07
***Kevin F. Rowe, Clerk***
***BY:***
***Deputy Clerk***

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

■ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.**

## RETURN

I have executed this judgment as follows:

______________________________________________________________

______________________________________________________________

__________________

Defendant delivered on ____________________ to ______________________________

at ______________________________, with a certified copy of this judgment.

________________________
John F. Bardelli
United States Marshal

By: ______________________
Deputy Marshal